■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS EISON, Appellant. [596 NYS2d 710] —Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered June 6, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Thorp, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that there was not probable cause for his arrest and that therefore his identification in a lineup should have been suppressed is without merit *(see, People v Morris,* 191 AD2d 518 [decided herewith]). The defendant's contention that the prosecutor used his peremptory challenges in a discriminatory fashion to exclude black jurors cannot be sustained, as the prosecutor articulated nondiscriminatory reasons for the challenges *(see, Batson v Kentucky,* 476 US 79; *People v Hernandez,* 75 NY2d 350).

The defendant's contention that the People did not prove his guilt beyond a reasonable doubt is also without merit. Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we

find that it was legally sufficient to support the conviction. Two witnesses testified that they saw the defendant partici- pate in the robbery. Both eyewitnesses to the robbery were disinterested witnesses and both of them had unobstructed views of the defendant. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Eiber, J. P., Miller, Copertino and Pizzuto, JJ., concur.